UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**REGINALEA KEMP,**

   Plaintiff,

v.   No. 4:23-cv-00841-P

**REGIONS BANK, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

In Regions Bank's Notice of Removal, it asserts diversity jurisdiction, alleging that non-diverse Defendant Larry Darnell Kemp was improperly joined. The Court determines that Mr. Kemp was improperly joined and Plaintiff's claim against Mr. Kemp is **DISMISSED**.

Defendant Regions Bank's Motion to Dismiss Plaintiff's Second Amended Complaint is now before the Court. ECF No. 26. Having considered the Motion and applicable law, the Court concludes that the Motion should be and is hereby **GRANTED**. Plaintiff's claims against Regions Bank are thus **DISMISSED with prejudice.**

## FACTUAL BACKGROUND

This dispute arises from a foreclosure proceeding. Plaintiff Reginalea Kemp alleges that Defendant Regions Bank failed to properly review an application for loss mitigation and attempted to conduct a foreclosure sale while her application was pending. In doing so, Plaintiff alleges Regions Bank violated the Real Estate Settlement Practices Act ("RESPA"). Plaintiff also asserts a claim to quiet title, a claim for equitable redemption, a claim for violations of the Texas Debt Collection Act ("TDCA"), and for injunctive relief against Regions Bank.

Plaintiff sued in state court and Regions Bank removed the case to this Court. Upon removal, the Court ordered Plaintiff to file an amended complaint, which she did. Regions Bank filed a Motion to Dismiss

Plaintiff's Amended Complaint. Plaintiff subsequently filed a Motion for Leave to File a Second Amended Complaint, which the Court granted, mooting Regions Bank's first Motion to Dismiss. Regions Bank has now filed a Motion to Dismiss Plaintiff's Second Amended Complaint, which is presently before the Court. Plaintiff filed a Motion to Extend Time to Respond to Defendant's Motion to Dismiss on September 23, 2023, which this Court granted, but Plaintiff has nonetheless failed to respond to Defendant's Motion to Dismiss.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating motions to dismiss filed under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). Further, all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor. *See id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *See id.*

# ANALYSIS

As an initial matter, Regions Bank alleges in its Notice of Removal that Larry Darnell Kemp was improperly joined in this action, and thus this Court has diversity jurisdiction. The Court first addresses the jurisdictional issue of whether Mr. Kemp has been improperly joined.

### A. Defendant Larry Darnell Kemp was Improperly Joined

Regions Bank invokes diversity jurisdiction pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1441(b). *See* ECF No. 1 at 3. Regions Bank alleges that the amount in controversy exceeds $75,000.00, Regions Bank is a citizen of Alabama, Plaintiff is a citizen of Texas, and non-diverse Defendant Larry Darnell Kemp has been improperly joined. *See id.* Plaintiff, in her Second Amended Complaint, states that "[s]ubject matter jurisdiction over this action by the Court is pursuant to 28 U.S.C. § 1332(a), and the amount in controversy exceeds $75,000, exclusive of interest and costs." ECF No. 29 at 2. But Plaintiff nonetheless maintains her claim to quiet title against the non-diverse Defendant Larry Kemp. *See id.* at 29. Plaintiff has not filed a motion to remand this case or otherwise disputed Regions Bank's assertion that Larry Kemp has been improperly joined. Before the Court may rule on Regions Bank's Motion to Dismiss, the Court must determine whether Mr. Kemp has been improperly joined and thus the Court has diversity jurisdiction.

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a); *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 (5th Cir. 2010). Ordinarily, diversity jurisdiction requires complete diversity— that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

But if the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter

jurisdiction over the remaining diverse defendant. *See Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). As to the second way of establishing improper joinder, the Court applies the federal pleading standard in making this determination, which requires that the pleading contain "enough facts to state a claim to relief." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016); *Twombly*, 550 U.S. at 570. To determine whether jurisdiction is present for removal, the court considers the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Here, Plaintiff brings a claim to quiet title against Darnell Kemp. "The elements of the claim for relief to quiet title are (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-cv-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (Ellison, J.) (citing *US. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-cv, WL 6938507, at *3 (Tex. App.—Houston Dec. 30, 2011, no pet.) (mem. op.)). A suit to quiet title relies on the invalidity of the defendant's claim to the property. *See Essex Crane Rental Corp. v. Carter,* 371 S.W.3d 366, 387–88 (Tex. App.—Houston Mar. 29, 2012, pet. denied). It exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Id.* at 388. "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Id.* at 387–88. The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *See Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso Oct. 24, 2012)

Here, Plaintiff's Original Complaint does not sufficiently allege that Darnell Kemp has a "facially valid" claim to the property—he has no

4

claim at all. Plaintiff does not allege any facts indicating that Mr. Kemp has made a claim to ownership of the property beyond the conclusory allegation that "[t]he claim of any and/or all Defendants herein name, [*sic*] and each of them any estate, right title, lien or interest in or to the property is adverse to the Plaintiff's legal title and constitutes clouds on the Plaintiff's rightful title to the Property." ECF No. 1-1 at 11. Instead, Plaintiff asserts only that Mr. Kemp has failed to "provide, grant, and/or convey a special warranty deed to Plaintiff," as required by their divorce decree. ECF No. 1-1 at 8. But the recorded divorce decree already conveyed the property to Plaintiff. *See Stafford v. Lunsford*, 53 S.W.3d 906, 908 (Tex. App.—Houston 2001, pet. denied) (holding that signed divorce decree is sufficient to convey title and the recording of it has the effect of providing public notice of the conveyance). Thus, Mr. Kemp has no facially valid claim to the property that would constitute a cloud on the title.

In any event, if indeed Mr. Kemp has failed to comply with the terms of the divorce decree, an action to quiet title is not the appropriate avenue for remedy. Instead, Plaintiff may seek enforcement of the decree. A party affected by a divorce decree "may request enforcement of that decree by filing a suit to enforce . . . in the court that rendered the decree." TEX. FAM. CODE ANN. § 9.001. Additionally, "[t]o enforce a division in a divorce decree of specific, existing property, the trial court may order the property to be delivered." *DeGroot v. DeGroot*, 369 S.W.3d 918, 922 (Tex. App.—Dallas June 13, 2012) (citing TEX. FAM. CODE ANN. § 9.009). "If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply." TEX. FAM. CODE ANN. § 9.010.

Thus, Plaintiff failed to state a claim to quiet title because Darnell Kemp has not asserted a facially valid claim to the property, and quiet title is not the appropriate remedy for Mr. Kemp's alleged failure to comply with the terms of the divorce decree. Accordingly, Plaintiff fails to state a claim to quiet title against Mr. Kemp. The Court concludes that Mr. Kemp was improperly joined at the time of removal and is therefore **DISMISSED**.

5

\*   \*   \*

Having dismissed Plaintiff's claim against Darnell Kemp, we turn to Regions Bank's Motion to Dismiss. Plaintiff asserts four separate causes of action in her Second Amended Complaint. ECF No. 29 at 5–11. First, Plaintiff argues that Regions Bank violated RESPA by failing to properly review her loss mitigation application. Second, Plaintiff argues that she is entitled to quiet title of the property in question. Third, Plaintiff asserts an equitable right to redemption. Fourth, Plaintiff argues Defendant violated the TDCA. Regions Bank argues these claims should be dismissed. The Court addresses each claim in turn.

### B. Plaintiff's RESPA Claim Fails

First, Regions Bank asks the Court to dismiss Plaintiff's RESPA claims. To set out a claim under RESPA for the wrongful handling of a loss mitigation application, the plaintiff must allege that: "(1) the defendant violated 12 C.F.R. § 1024.41; (2) the plaintiff suffered actual or statutory damages; and (3) the amount of damages are causally connected to the defendant's violations of 12 C.F.R. § 1024.41." *DeForge v. Wells Fargo Bank*, No. 4:19-cv-1412, 2020 WL 13411941, at \*5 (S.D. Tex. July 16, 2020) (Hanen, J.). A plaintiff fails to satisfy the first element if the plaintiff does not allege that the acts in question concern his first complete application for loss mitigation. *See id.* "It is a condition precedent to maintaining this action." *Id.* (citing *Solis v. U.S. Bank, N.A.*, 726 Fed. App'x 221, 223 (5th Cir. 2018) ("The District Court did not err when it held that the [plaintiffs] failed to allege that this application was their first complete loss mitigation application . . . Thus, [plaintiffs] again failed to plead the requisites of a plausible claim.")).

Here, Plaintiff does not allege that Defendant's acts concerned her first loss mitigation application. Accordingly, Plaintiff fails to state a claim under RESPA in her Second Amended Complaint.

6

### C. Plaintiff's Claim for Quiet Title Fails

Second, Regions Bank asks the Court to dismiss Plaintiff's claim for quiet title against Regions Bank. Plaintiff alleges that her ownership interest in the property at issue is superior to Defendant's Deed of Trust because she was awarded the property in her divorce decree. ECF No. 29 at 9. But an award of sole title to the property in the divorce degree does not extinguish a mortgagee's Deed of Trust. *In re Kinkaid*, 445 B.R. 731, 738 (Bankr. N.D. Tex. 2011) (Houser, J.) (divorce decree did not divest non-party of its lien interest in real property partitioned in the decree). In fact, the divorce decree specifically provides that Plaintiff is to assume the balance due on the mortgage for the property at issue "payable to Regions Bank d/b/a Regions Mortgage and secured by deed of trust on the real property awarded in this decree to Petitioner." ECF No. 1-1 at 48. Thus, Plaintiff's claim for quiet title against Regions Bank fails.

### D. Plaintiff's Equitable Redemption Claim Fails

Third, Regions Bank asks the Court to dismiss Plaintiff's equitable redemption claim. Any right a plaintiff alleges to equitable redemption requires him to allege that "he has paid or tendered the full amount of the lien, along with the foreclosure costs." *Preston v. New Century Mortg. Corp.*, No. cv-H-22-1460, 2022 WL 13978988, at *3 (S.D. Tex. Oct. 21, 2022) (Rosenthal, J.) (dismissing equitable redemption claim on 12(b)(6) motion to dismiss); *see also BAPA Brooklyn 2004, LLC v. Michael A. & Maria D. Twiehaus Revocable Living Tr.*, No. 05-21-00180-cv, 2022 WL 2526975, at *2 (Tex. App.— Dallas July 7, 2022, no pet.) ("When a party seeks to set aside or cancel a foreclosure sale, the mortgagor must tender the amounts due and owing under the note and deed of trust. One who seeks equity must do equity." (citations omitted)); *Suri Holdings, LLC v. Argent Mortg. Co., LLC*, No. 19-cv-3844, 2021 WL 972888, at *2 (S.D. Tex. Feb. 8, 2021) (Hoyt, J.) *aff'd*, 2021 WL 5985320 (5th Cir. 2021) ("Failing to tender the full amount due under the Note precludes any claim in equity."); *Lyons v. America's Wholesale Lender*, No. 3:13-cv-2608-B, 2014 WL 5460453, *12 (N.D. Tex. Oct. 28, 2014) (Boyle, J.) (granting summary judgment when plaintiff failed to bring forth

evidence it tendered the amount due and owing under note and deed of trust).

Here, Plaintiff alleges she is "ready, able, or willing to redeem the property in controversy by paying of [*sic*] the amount of any valid and subsisting liens to which the property is subject." ECF No. 29 at 10. Plaintiff further alleges that she "has engaged with [*sic*] conversations from potential buyers of the property that would pay off amount [*sic*] of any valid and subsisting liens on the property from any Defendant." *Id.* But Plaintiff "does not allege or suggest that [she] has tendered the full amount owed," and thus, she has failed to state a claim for equitable redemption. *Preston*, 2022 WL 13978988, at *3.

### E. Plaintiff's TDCA Claims Fail

Fourth, Regions Bank asks the Court to dismiss Plaintiff's TDCA claims. To state a claim under the TDCA, a plaintiff must show: (1) the debt at issue is a consumer debt; (2) the defendant is a debt collector within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act. *See Williams v. Freedom Mortg. Corp.*, No. 3:22-cv-01973-N, 2023 WL 1806023, at *2 (N.D. Tex. Feb. 7, 2023) (Godbey, J.) (citing TEX. FIN. CODE §§ 392.001–.404). Plaintiff specifically alleges that Regions Bank:

> [T]hrough phone calls, email, and other communications made false or misleading statements regarding the status of Plaintiff's loan modification application or loss mitigation offers to which Plaintiff detrimentally relied upon such statements. Upon information and belief, Defendant Regions Bank knowingly and/or intentionally engaged in conduct or statements that mislead, deceived, or falsely misrepresented its dealings with Plaintiff.

ECF No. 29 at 5. As an initial matter, these allegations are conclusory and Plaintiff points to no specific false or misleading statements by Regions Bank regarding the status of Plaintiff's loan modification application. Plaintiff simply maintains that Regions Bank violated the TDCA by:

§392.301(a)(7) - threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings; and §392.301(a)(8) - threatening to take an action prohibited by law; and further §392.304(a)(8) - misrepresenting the character, extent, or amount of a consumer debt, or mispresenting the consumer's debt status in a judicial or governmental proceeding; § 392.304(a)(14) - representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business; and §392.304(a)(19) - using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer and which violations are a producing cause of the actual damages sustained and incurred by Plaintiff in the excess of the minimum jurisdictional limits of this Court.

*Id.* at 10–11. Such a pleading is not sufficient to overcome dismissal under Rule 12(b)(6). *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013). Plaintiff seems to argue that Regions Bank misled her by conducting a foreclosure sale after submission of her complete loss mitigation application, but the TCDA does not prohibit debt collectors from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* (citing TEX. FIN. CODE § 392.301(b)(3)); *see also Miller*, 726 F.3d at 723 (statements about loan modification applications and the postponement of foreclosure do not concern the "character, extent, or amount of" the home loan, so they are not covered by Section 392.304(a)(8) because plaintiffs were aware they had (i) a mortgage debt, (ii) of the specified amount they owed, (iii) and defaulted); *Germain v. US Bank Nat'l Ass'n as Tr. for Morgan Stanley Mortg. Loan Tr. 2006-7*, 920 F.3d 269, 277 (5th Cir. 2019) (holding defendant did not violate TEX. FIN. CODE § 392.304(a)(14), (19) by "holding out the possibility of a [loan] modification" because defendant did not promise *loan modification* by asking plaintiff for *loss mitigation* applications).

Further, although "debt collector" is defined broadly in the TDCA, Regions Bank points out that Plaintiff fails to allege that Regions Bank was a "debt collector" within the meaning of the TDCA. Thus, Plaintiff has failed to sufficiently allege that any of Regions Bank's communications about loss mitigation violated the TDCA.

### F. Plaintiff is Not Entitled to Injunctive Relief

Finally, Plaintiff's request that Regions Bank be enjoined from pursuing foreclosure on the property is denied. Injunctive relief is an equitable remedy that should be dismissed when no substantive claims have been pleaded. *See Kirksey v. America's Servicing Co.*, cv-H-12-2859, 2013 WL 3992179, at *5 (S.D. Tex. Aug. 2, 2013) (Hittner, J.). Because Plaintiff's claims fail as a matter of law, Plaintiff is not entitled to injunctive relief.

## CONCLUSION

For the reasons stated above, Defendant Larry Darnell Kemp is **DISMISSED** and Plaintiff's claims against Regions Bank are hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **11th day of December 2023**.

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE